RANDOLPH FIELD and HENRY SHEPHERD *v.* JONATHAN CORY and ———— WALDRON, Overseers of the Poor.

On the oath of E. G., a single woman, that R. F. had gotten her with child, and that the child was likely to be born a bastard and to be chargeable to the township of Warren, in the county of Somerset, a warrant was issued by P. M. and L. M., two of the Justices of the Peace of the said county, for the arrest of R. F., and a summons for the appearance of the said R. F. and E. G. before the said two Justices. By virtue of this warrant, a constable of the said county arrested R. F. and took him before G. W., another Justice of the Peace of the said county. R. F. denied the charge, and proffered himself ready, with H. S., his friend, to give the requisite security for his appearance at the General Quarter Sessions of the Peace, to abide such order &c. Instead of taking a recognizance for appearance as aforesaid, the said Justice, G. W., prepared a bond to indemnify the township, which R. F., with H. S. as his surety, executed, supposing it to be an instrument of security for appearance as aforesaid.. Afterwards, an examination was had before the said P. M. and L. M., Justices, the Overseers of the Poor of the said township attending, and the Justices decided against making an order of bastardy against R. F. Afterwards, one of the said Overseers informed R. F. that the instrument which he and his said surety had signed, as aforesaid, was a bond to indemnify the township; and that the Overseers intended to enforce it. R. F., thereupon, went to Justice G. W., to inquire &c., who informed R. F. that he, the said Justice, knew it was the intention of R. F. and his said surety to give security for the appearance of R. F. as aforesaid; but that the constable told him, the said Justice, that he must prepare an indemnifying bond; and he did so; but that, as he had made the mistake, he would make out a recognizance for R. F.'s appearance as aforesaid. And the said Justice made out the recognizance, and sent it to the Court of Quarter Sessions; which court, at the next term thereof, discharged R. F. and his surety therefrom. And, afterwards, the said Overseers commenced an action in the Circuit Court of Somerset on the said bond of indemnity.

On a bill stating the foregoing facts, an injunction was allowed restraining further proceedings in the said action.

The bill prayed a decree that the said bond be delivered up to be cancelled. No answer was put in. An order for proofs was made; and, subsequently, a decree for the complainants.

On the 17th June, 1846, Randolph Field and Henry Shepherd exhibited their bill, stating, that Elizabeth Giddis, a single woman, on the 4th August, 1845, appeared before Peter Moore, a justice of the peace for the county of Somerset, and made oath charging the complainant Field with getting her with child, and

that the child was likely to be born a bastard and chargeable to the township of Warren, in the said county. That on the 10th Dec. 1845, the said Peter Moore and Lewis Mundy, two of the justices of the peace of the said county, issued a warrant for the arrest of Field, and a summons for the appearance of Field and the said Elizabeth before them. That on the 16th Dec. 1845, David Bird, one of the constables of said county, by virtue of the said warrant, arrested Field and carried him before Garret N. Williamson, Esq., a justice of the peace of said county. That Field, being innocent of said charge, and being persuaded that on a fair trial he could prove himself to be so, in order that a trial might be had, called on the complainant Shepherd to be his surety for the appearance, and for the appearance only, of Field, that the trial might be had according to law, on the day mentioned in the said summons. That the complainants, being farmers and entirely ignorant of proceedings at law in such cases, and being far from counsel, and Field being in custody of the constable as aforesaid, relied upon the said Justice Williamson to prepare such a paper, and such a paper only, as would secure the appearance of Field. That on the day last aforesaid the said Justice Williamson prepared a paper writing, as the complainants supposed and believed, according to the request of the complainants, to which the complainants put their names, supposing and believing it to be a security for the appearance of Field, at the next Court of General Quarter Sessions of Somerset, to abide and perform such order or orders as should be made in pursuance of the statute in such case made and provided.

That the overseers of the poor of Warren had full notice, on the day last aforesaid, that the complainant Field denied being the father of the child, and of his intention to contest the said charge ; and that the said overseers, as well as the said Field, prepared themselves to try the said question of bastardy. That on the 17th Dec. 1845, as well the said overseers, with their counsel, as the said Field, with his counsel, appeared, prepared to try the said question of bastardy.

That the said question was, on the day last aforesaid, tried before the said justices, and a judgment of acquittal pronounced in

favor of Field. A copy of the proceedings before the justices is given, as follows :

" Somerset County, WARREN *v* RANDOLPH FIELD.

August the 4th, 1845. Personally appeared before me the subscriber, one of the Justices of the Peace in and for the county of Somerset, Elizabeth Giddis, of &c, and made affidavit before me charging therein Randolph Field with getting her with child. I received a line from Daniel Waldron, overseer of Warren, requesting me to isssue a warrant for the arrest of the said Randolph Field; which I immediately done. December 10th, 1845, I, together with Lewis Mundy, issued a summons for the appearance of the said Randolph Field and the said Elizabeth Giddis. December 17th, David Bird, constable, returned the warrant indorsed by G. S. Williamson, justice, certifying that the parties or defendant had entered in a bond to indemnify the township of Warren. David Bird, constable, also returned the summons, having served the same on the defendant by leaving him a copy of the same. 17th, the parties appeared, and proceeded to trial. For the plaintiff were sworn and examined Elizabeth Giddis, and Fanny Giddis. For the defendant were sworn Richard Field, Catharine Field, Hannah Randolph, Agnes Jackson, Hannah Perrine, Maria Vanderwater. After hearing the evidence of both parties, the court agreed not to make an order of bastardy against the defendant. I do hereby certify that the foregoing is a true copy of the record. Given under my hand and seal January 1, 1846.

PETER MOORE,      [L. s.]

*Justice of the Peace.*

The bill states that after the said trial, and after the said justices had pronounced their judgment, and on the same day, Jonathan Cory, one of the overseers of the poor of Warren, informed Field that these complainants had entered into a bond indemnifying the said Township against the maintenance of the said bastard child ; and that the said overseers intended to enforce the said bond. That Field, well knowing that he never intended to give such a bond, demanded of the said overseer to

produce said bond; to which demand the said overseer gave an evasive answer. That Field then demanded of the said overseer that he should deliver up the said bond to be canceled, in as much as it never was his intention to indemnify the township, or to give a bond for that purpose, but, on the contrary only to give such security as would secure his appearance to try the said cause before the said justices. That the said overseer refused to deliver up the said bond, and threatened to proceed at law to enforce the same; the complainants being well convinced that, if they had given such a bond, it was done through a mistake of their rights or intentions. That Field immediately repaired to the said G. S. Williamson, Esq., and inquired of him how it came that he had induced the complainants to sign a bond to indemnify the township against the maintenance of the said bastard child, instead of taking security for the appearance of Field. That said Williamson replied, that he understood from the complainants that it was their intention to give security for the appearance of Feld; but that the constable who had Field in custody informed him, the said Williamson, that he must prepare an indemnifying bond; and that he, the said Williamson, through misapprehension of the real design of the complainants, prepared the bond accordingly; but, inasmuch as he, the said Williamson, had made the mistake, he would make out the recognizance and send it to the court of General Quarter Sessions, according to law. That said Williamson did make out a recognizance and send it to the said court in the words and figures following, to wit: (it is given): It is a recognizance purporting to have been taken by G. S. Williamson, a justice &c, by which Field and Shepherd acknowledge themselves indebted to the state in $200 each, to to be levied &c, and reciting the charge, and conditioned for the appearance of Field at the next court of Quarter Sessions for Somerset, to abide such order or orders as shall be made in pursuance of the act entitled "An act for the maintenance of bastard children."

The bill states, that such proceedings were had upon the said complaint, that the said court of Quarter Sessions, in the term of February, 1846, discharged the complainants, Field and Shepherd, from their said recognizance. That the said overseers of

Warren well knew that the said bond was given by the complainants through mistake and contrary to their intentions; yet that Cory and Waldron, (the defendants,) the overseers of the poor of Warren, have commenced an action in the Circuit Court of Somerset to enforce the said bond.

The bill prays that the said bond may be decreed to be delivered up to be canceled; and that, in the mean time, the said suit may be injoined.

The injunction was granted.

No answer was put in; and an order for proofs was made.

*Wm. Thompson* for the complainants.

THE CHANCELLOR. Decree for complainants.